[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiff Nancy K. Dube appeals the decision of the CT Page 4672 Commissioner of Motor Vehicles suspending her operator's license for ninety days pursuant to General Statutes 14-227b. The appeal is brought pursuant to 4-183. The court finds the issues in favor of the defendant Commissioner and Department of Motor Vehicles.
In her brief, the plaintiff asserts two bases for her appeal. First, she contends that there was insufficient evidence for the hearing officer to find that the police officer was legally entitled to stop the plaintiff prior to developing probable cause for her arrest on the drunk driving charge. Second, she claims that the hearing officer erred in finding that the initial stop was legal because the police officer failed to produce a particular report, which might have contained relevant evidence, at the administrative hearing.
At the administrative hearing, the police officer and the plaintiff testified, and the police report of the plaintiff's arrest was made part of the record. The police officer testified that he observed the plaintiff's vehicle being operated on Lawton Road in Canton at 1:23 A.M. He testified that he saw the vehicle swerve into the left, on-coming, traffic lane and proceed in that lane for approximately one-tenth of a mile before swerving back into its proper lane. He testified that he then observed the vehicle slow down but fail to come to a complete stop at a stop sign. He testified that the plaintiff's vehicle then swerved into the left lane again. At that point, he testified, he believed that the driver was intoxicated and stopped the vehicle. During the entire time that he was following the plaintiff's vehicle, there was another vehicle between the police cruiser and the plaintiff's vehicle. This other vehicle was being operated by a friend of the plaintiff, Douglas Pierce, and the police officer stopped it at the same time. The officer testified he stopped both vehicles simultaneously by flashing his overhead lights, although the plaintiff stated that she stopped voluntarily and only because she saw her friend being stopped.
Prior to the administrative hearing, the plaintiff served a subpoena duces tecum on the police officer, commanding him to bring his report of Pierce's arrest to the hearing. The plaintiff believed that that report might show that the police CT Page 4673 had legal grounds for stopping only Pierce, but not the plaintiff. However, the police officer testified that the report of Pierce's arrest was not available, that it was "erased" by court order.
A police officer need not have probable cause to stop a motor vehicle. A brief investigatory stop is proper even in the absence or probable cause if the police have a "reasonable and articulable suspicion that a person has committed or is about to commit a crime." State v. Lamme, 216 Conn. 172, 184
(1990). In this case, the evidence in the record was sufficient for the hearing officer to determine that the police officer had the requisite reasonable and articulable suspicion of wrongdoing to stop the plaintiff for further investigation.
The plaintiff's arguments concerning the failure of the police officer to produce Pierce's arrest report cannot be sustained. As indicated above, the evidence that is in the record is sufficient to establish the legality of the initial stop and the subsequent determination of probable cause in the plaintiff's case. The possibility that there would be something in the officer's report of Pierce's arrest that would negate the findings with respect to the plaintiff is at best remote and certainly a matter only for speculation. Most importantly, the police officer himself appeared and testified in detail about all of the circumstances.
For all of the above reasons, the court concludes that there was no error in the findings or conclusions of the hearing officer.
The appeal is dismissed.
MALONEY, J.